UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| LAURA LAAMAN & ASSOCIATES, LLC | : | |
|---|---|---|
| Plaintiff, | : | CASE NO. 3:16-cv-00594 (MPS) |
| | : | |
| v. | : | |
| | : | |
| LORI DAVIS | : | |
| Defendant. | : | August 7, 2019 |

**MEMORANDUM OF OPINION**

**I. Background**

Upon the settlement of this case, the court denied as moot Davis's motion to unseal certain documents previously filed under seal. However, pursuant to its independent obligation to ensure that documents relevant to the judicial function are accessible to the public, the court notified the parties that it would unseal the documents identified by the motion absent objection by either party. Laaman filed a timely objection requesting that some documents on the docket remain sealed in their entirety and that other documents be made available to the public only in redacted form. The court assumes familiarity with the history of this case and the court's previous rulings.

**II. Discussion**

**A. Legal Standard**

To obtain approval to file a document under seal, and thereby block a court document from public view, a party must make a particularized showing of good cause why the Court should depart from the strong presumption against sealing court records from public inspection. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–99 (1978) (directing lower courts to "weigh[] the interests advanced by the parties in light of the

public interest and the duty of the courts"); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120–22 (2d Cir. 2006); *U.S. v. Amodeo*, 44 F.3d 141, 146 (2d Cir.1995). The public and the press have a "qualified First Amendment right . . . to access certain judicial documents," including inspecting and making copies of judicial documents and docket sheets. *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). "[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Id.* at 123 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)); *Brown v. Maxwell*, 2019 WL 2814839 at *5 (2d Cir. 2019) ("[E]vidence introduced at trial or in connection with summary judgment enjoys a strong presumption of public access."). However, upon a showing of compelling circumstances, the Court may order certain records to be sealed. *Hartford Courant Co.*, 380 F.3d at 96 (the presumption of open access to judicial records is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest" (internal quotations omitted)).

"In most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir.1994) (citation omitted); *see SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir.2001). Moreover, ordinarily, a court must make that determination on the basis of a careful review of the particular portions of each document a party wishes to file under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection. *See Amodeo*, 71 F.3d at 1050–51; *see also Brown*, 2019 WL 2814839 at *1 (vacating District

2

Court's order for failure to conduct a particularized review of the documents to be sealed).

Courts nonetheless often limit access to confidential business documents to protect litigants from unfair competitive disadvantage. *See In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *Encyclopedia Brown Productions, Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents and restricting public access during trial."). Commonly sealed documents include those containing "trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y.1999); *see also Int'l Info Sys SEC Cert. Consortium v. Security Univ.*, 2014 WL 3891287 at *12 (D. Conn. 2014) (permitting the sealing of revenue figures); *Go SMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (permitting the sealing of materials that include trade secrets alleged to have been misappropriated by the defendant); *Hesse v. SunGard Systems Intern.*, 2013 WL 174403 at *2-3 (S.D.N.Y. 2013) (permitting the sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients"); *CSL Silicones, Inc. v. Midsun Group, Inc.* 2017 WL 4750701, at *3 (D. Conn. 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.")

(citations omitted). In order for sealing to be justified, a movant must make a particularized showing "that disclosure would harm movant's competitive position and that the asserted harm outweighs the presumption of public access." *Encyclopedia Brown Productions*, 26 F. Supp. 2d at 613; *see also In re Document Technologies Litigation*, 282 F. Supp. 3d 743, 747 (S.D.N.Y. 2017).

**B. The Sealed Materials**

Laaman requests that several documents remain entirely or partially sealed, including (1) documents filed by both parties in connection with Davis's motion for summary judgment, (2) a document filed by Laaman in connection with Davis's motion in limine, and (3) an exhibit to the parties' joint trial memorandum, also filed by Laaman. The specific materials Laaman requests to remain sealed fall into several broad categories: (1) resources that Laaman provides to paying clients in connection with her services, (2) Davis's alleged copies of these same resources, (3) descriptions of the resources, (4) Laaman's revenue figures, and (5) the identity of Laaman's clients. I analyze each of these categories in turn.[1]

**1. Resources Laaman Provides to Clients**

As part of the consulting services it offers to pet-care facilities, Laaman provides various resources intended to help them increase their profitability. These include, for example, customer service training materials, telephone scripts, and tools to track and optimize profitability. At issue in this suit was whether Davis had misappropriated these

---

[1] While the presumption of access is stronger for the documents filed in connection with the motion for summary judgment, *Brown*, 2019 WL 2814839 at *5, this distinction does not affect the outcome of my analysis.

materials from Laaman. Consequently, many of these resources were filed with the court in their entirety.

Laaman has succeeded in making a particularized showing that disclosure of these materials would cause Laaman competitive harm that outweighs the presumption of open access. Laaman appears to be a successful business with significant revenue. Access to these materials, which are voluminous and appear to represent a substantial portion of Laaman's suite of services, would be of significant value to competitors, who could adopt them in whole or in part and use them to compete with Laaman (indeed, as Davis is plausibly alleged to have done). This would impose significant competitive harm on Laaman.

Moreover, the public interest in these documents is modest, as their content does not affect the general public. "Financial records of a [private] business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

For these reasons, exhibits that consist of materials that Laaman provides to its clients as part of its consulting service are to remain sealed. These include: Exhibits 3, 6, 8, 10, 12, 14, 17, 21, 23, 25, and 26 of the Laura Laaman Declaration, (ECF No. 55-1); Exhibit 12 of the Conrad S. Kee Declaration, (ECF No. 55-4); Exhibits 1-2 of the Craig Laaman Declaration,[2] (ECF No. 55-2); Exhibit 6 of the Sean M. Tuttle Declaration, (ECF No. 55-3); and Exhibit 5 of the Expert Report of Susan Briggs, (ECF No. 48-2.)

---

[2] The Court notes that unredacted versions of these exhibits do not appear to have been filed on the docket, even under seal.

### 2. Davis's Alleged Copies of Laaman's Resources

Laaman's core allegation in this case was that Davis substantially copied many of the above-mentioned resources. Many of these alleged copies were filed with the court. These alleged copies bear much resemblance to Laaman's versions, in some cases tracking them verbatim. For the same reasons as discussed above with respect to Laaman's versions, Davis's alleged copies are to remain sealed. These include: Exhibits 4, 5, 7, 9, 11, 13, 15, 16, 19, 20, 22, and 24 of the Laura Laaman Declaration, (ECF No. 55-1); Exhibits 4, 5, 6, 7, 8, 9, 10, and 11 of the Conrad S. Kee Declaration, (ECF No. 55-4); and Exhibits 2, 3, 4, 7, 8, 9, 10, 11, 12, and 13 of the Expert Report of Susan Briggs, (ECF No. 48-2).

### 3. Descriptions of Laaman's Services

Several portions of the deposition transcripts and declarations filed in connection with Davis's motion for summary judgment and the parties' joint trial memorandum include descriptions of the services and resources Laaman provides to its clients. Some of these descriptions go into substantial detail; they include, for example, the formulas used in some of the tools Laaman provides to clients. These descriptions could enable a competitor to recreate these tools. Another exhibit, though less detailed, contains an extensive list of documents, with descriptive titles, that could reveal to competitors the composition of services offered by Laaman to its clients.

For these reasons, Laaman has succeeded in making a particularized showing that Exhibit 5 of the Sean M. Tuttle Declaration, (ECF No. 55-3), warrants sealing. Laaman has also succeeded in making a particularized showing that the following materials warrant partial sealing (as redacted): paragraph 18 of the Laura Laaman Declaration

(ECF No. 55-1); paragraph 4 of the Craig Laaman Declaration, (ECF No. 55-2); and pages 284, 304, 306-08, 326, 328, 357, and 358 of Exhibit G to the parties' joint trial memorandum, (ECF No. 79).

Laaman has not succeeded in showing that pages 4-5 of Exhibit G to the parties' joint trial memorandum, (ECF No. 79), and page 4 of the deposition excerpts filed by Davis with her motion for summary judgment, (ECF No. 48-6), warrant sealing. These pages contain a list of exhibits to the Deposition of Laura Laaman. They include a handful of references to clients and resources which would be of limited value to a competitor. Furthermore, the redactions to these sections are inconsistent. For example, the names of some services are redacted, while others are not. Similarly, one client's name is redacted in one line, while the same client's name is not redacted in another. These inconsistencies further point to the limited sensitivity of this information.

**4. Identity of Laaman's Clients**

Several documents identify Laaman's clients, including listing key personnel. One document also lists Laaman's total number of clients. With respect to the identifying information, Laaman has succeeded in making the requisite particularized showing. A list of clients can be useful to a competitor, and it would unfairly disadvantage Laaman if this information were made public. Thus, the following materials warrant partial sealing (as redacted): pages 41 and 48 of the Conrad S. Kee Declaration, (ECF No. 55-4), and pages 35-38, 40, 42, 57, 59-60, 62, 93, 123-25, 136, 138-41, 143, 146, 149, and 189 of Exhibit G to the parties' joint trial memorandum, (ECF No. 79). However, Laaman's total number of clients is of limited value to competitors. Furthermore, this total is included in unredacted form elsewhere in the filings. (*See, e.g.*,

ECF No.115-7 at 46.) Thus, Laaman has not made the requisite particularized showing with respect to page 34 of Exhibit G to the parties' joint trial memorandum, (ECF No. 79).

**5. Laaman's Revenue Figures**

Finally, several documents state Laaman's revenue figures for various clients. These figures constitute the total fees paid by some of Laaman's clients. This information would be useful to a competitor, and Courts have often permitted such figures to be filed under seal. *See, e.g.*, *Int'l Info Sys SEC Cert. Consortium v. Security Univ.*, 2014 WL 3891287 at 12 (D. Conn. 2014) (permitting the sealing of a party's revenue figures). Thus, Laaman has succeeded in making the requisite particularized showing with respect to the redacted revenue figures in paragraphs 7 and 15 of the Laura Laaman Declaration, (ECF No. 55-1); paragraph 8 of the Craig Laaman Declaration, (ECF No. 55-2); pages 81 and 121 of Exhibit G to the parties' joint trial memorandum, (ECF No. 79); and pages 1-3 of Exhibit 4 to Plaintiff's Opposition of Defendant's Motion in Limine, (ECF No. 97).

**VI. Conclusion**

For the reasons stated above, the following documents may remain under seal: the Laura Laaman Declaration[3] (ECF No. 55-1), the Craig Laaman Declaration[4] (ECF No. 55-2), the Sean M. Tuttle Declaration[5] (ECF No. 55-3), the Conrad S. Kee Declaration[6]

---

[3] See ECF No. 115-3 for redacted version.
[4] See ECF No. 115-4 for redacted version.
[5] See ECF No. 115-5 for redacted version.
[6] See ECF No. 115-6 for redacted version.

(ECF No 55-4), Exhibit G to the parties' joint trial memorandum[7] (ECF No. 79), and Exhibit 4 to Plaintiff's Opposition of Defendant's Motion in Limine[8] (ECF No. 97).

Laaman is directed to refile Exhibit G to the parties' joint trial memorandum (ECF No. 79) with pages 4-5 and 34 unredacted within **21 days**. If no revised document is filed before the deadline, the Clerk will be directed to unseal Exhibit G (ECF No. 79).

The Clerk is directed to seal the Expert Report of Susan Briggs[9] (ECF No. 48-2).

IT IS SO ORDERED.

/s/
Michael P. Shea
United States District Judge

Dated:    Hartford, Connecticut
          August 7, 2019

---

[7] See ECF No. 115-7 for redacted version, to be refiled per this ruling.
[8] See ECF No. 115-8 for redacted version.
[9] See ECF No. 115-1 for redacted version.